**JONES TRUCK LINES, INC.,**
Petitioner,

v.

**Jane ESKIND, et al., Respondents.**

and

**THURSTON MOTOR LINES, INC., Petitioner,**

v.

**Jane ESKIND, et al., Respondents.**

Court of Appeals of Tennessee, Middle Section, at Nashville.

Aug. 6, 1986.

Rehearing Denied Aug. 19, 1986.

Application for Permission to Appeal to Supreme Court Denied by Supreme Court Nov. 3, 1986.

Jere R. Lee, Henry Walker, Jeanne Moran, Tennessee Public Service Com'n, Nashville, for petitioners.

Tom Stroud, Goff & Stroud, Memphis, Henry E. Seaton, Washington, D.C., for respondents.

OPINION

TODD, Presiding Judge.

The Clerk of this Court has received from the Clerk and Master a record which contains an order of the Chancellor requiring the Clerk and Master to file the entire record with the Clerk of this Court.

It appears from the record that, on October 7, 1985, Jones Truck Lines and Thurston Motor Lines filed in Chancery Court petitions for review of a decision rendered by the Public Service Commission on October 4, 1985, whereby twenty-nine applications of various carriers for "expanded general commodity authority" were granted.

Between October 7, 1985, and July 1, 1986, voluminous pleadings and briefs were filed in the Chancery Court and various orders were entered; but no final judgment has been entered by the Chancery Court.

Chapter 738, Section 2(b) of the Public Acts of the General Assembly, effective July 1, 1986, provides in pertinent part as follows:

... A person who is aggrieved by any final decision of the Public Service Commission ... shall file any petition for review with the Middle Division (sic) of the Court of Appeals.

In a case in which a petition for judicial review is submitted within the sixty (60) day period, but is filed with an inappropriate court, the case may be transferred to the appropriate court.

The Chancellor was of the opinion that the foregoing legislation terminated his jurisdiction over this case and required the transfer of the case to this Court. This Court does not agree.

Nothing is found in the quoted legislation to suggest a termination of jurisdiction of the Chancery Court over cases filed therein prior to July 1, 1986. The legislation deals only with the filing (not disposition) of petitions for review in certain cases. Its meaning is:

On and after July 1, 1986, no petition for review of the designated decisions shall be filed in Chancery Court and, on and after July 1, 1986, said Court shall have no authority, to accept such petitions for review.

It is arguable that the intent of the Legislature might have been to terminate all powers of the Chancery Court in regard to the designated cases, but it is not reasonable to assume such an intent from the particular language used.

If the Legislature had intended that all cases of the stated description pending in the Chancery Court should be interrupted and transferred to this Court, it would have so indicated in the legislation. It did not do so.

It is far more reasonable to hold that the Legislature intended to do exactly what it said: Change the place of filing petitions for review effective July 1, 1986. Thus, an orderly transfer of jurisdiction was accomplished whereby the case load would flow into the Court of Appeals as new cases were filed, and not a disorderly interruption of proceedings in chancery regardless of the stage of the litigation.

This Court understands the factors which influenced the Legislature to change the place of filing petitions for review, and accepts the decision as expressed in the legislation.

This Court does not accept the interpretation placed upon the statute by counsel for the Public Service Commission and the Chancellor.

All documents delivered to the Clerk of this Court in these cases will be returned to the Clerk and Master. Costs of this proceeding in this Court are taxed against the Public Service Commission. These causes are remanded to the Chancery Court for further proceedings.

Remanded.

CANTRELL and KOCH, JJ., concur.